## No. 491

PETER J. BLOSSER v. RICHARD ENDERLIN

No. 18709. Ohio Supreme Court

On motion to direct Ross Appeals to certify record. Docketed July 17, 1924. 2 Abs. 468.

707. LEASE—Chillicothe cantonment lands —Assignment of lease.

In November, 1920, Peter J. Blosser filed his petition in the Ross Common Pleas against Richard Enderlin containing two causes of action. The first alleged that July 1, 1917, Blosser rented to Enderlin certain lands in Ross county for a term of one year, a rental of $20 per acre, per annum, and the second cause of action alleged that he rented another tract to Blosser for the same term and price; that the latter lease was renewed and in effect from July 1, 1917, to June 10, 1920, when the United States acquired title by condemnation; that this lease provided that upon relinquishment of the premises Enderlin would have the right to restore the premises to their original condition or to make compensation for damages which he should have occasioned. It also claimed that when the premises were relinquished, Enderlin did not elect either to restore the lands to their original condition or to pay compensation.

An amendment to these causes of action was filed Feb. 10, 1921, which set up a copy of a lease and option which Blosser had given to an army officer, Lieut. Col. C. H. McNeal, acting for and on behalf of the government, which option was subsequently assigned to Enderlin.

The lease provided that Enderlin was to re-lease the premises to the United States for the cantonment site upon the same conditions as were expressed in his lease, but did not state that he was acting as agent or trustee in any capacity.

In defendant's defense, he alleged that the land was selected by the United States government for cantonment purposes, that the government and Blosser could not agree as to the rental value, and that Blosser gave the government an option to lease the premises at $20 per acre per annum, which the government refused to accept; that the citizens of Chillicothe organized a War Council to negotiate with the land owners for the purpose of raising a sum to pay the difference between what plaintiff below asked and what the government would pay. That Enderlin leased said land from the plaintiff at the sum of $20 per acre per annum and that Enderlin acquired said land under said lease in trust for the government. That Richard Enderlin later re-leased said land together with other lands to the government upon the same terms as contained in the Blosser lease, except as to the amount of rentals to be paid. Said second defense also alleged that the relationship of Col. Enderlin was never personal, but was in all respects purely and solely representative and that he never received any rent or any gain or loss in the entire transaction.

Common Pleas Judge Clevenger sustained a demurrer to this defense. Upon the trial the jury rendered a verdict against Enderlin for $9230.02 of which $1045.30 was for rent and $8184.72 was for damages. Enderlin prosecuted error to the Court of Appeals which found, Middleton, P. J., dissenting, that the Common Pleas erred in sustaining the demurer of Blosser.

The dissenting opinion of Judge Middleton is as follows:

I do not concur in this judgment for the reason that, in my opinion, the defendant below (Enderlin) is personally bound by the terms of the lease not only to pay the rent, but also to pay all damages that accrued under the conditions of the lease. I am unable to distinguish under its terms between a personal liability for rent, which the majority opinion recognizes, and a personal liability for damages and this is especially true of any damages suffered by reason of a failure to observe the provisions of paragraph 9A.

In my judgment the only remedy available to the defendant was to plead by way of cross-petition matters set out in his second defense as a cause of action for a reformation of the lease.

Attorneys—J. P. Phillips, Elijah Cutright, Jr., J. D. Withgott, for plaintiff; W. W. Boulger, for defendant; all of Chillicothe.